UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>CONCRETE CORING OF NEVADA, INC., *et al.*,<br><br>   Defendants. | Case No. 2:10-CV-01600-KJD-PAL<br><br>**ORDER** |

   Presently before the Court is Plaintiffs' Motion for Summary Judgment (#13). Defendant Concrete Coring of Nevada, Inc. filed a response in opposition (#14) to which Plaintiffs replied (#15).

I.  Facts

   Concrete Coring of Nevada, Inc. ("Concrete") is signatory to a Master Labor Agreement Proxy with Associated General Contractors, Las Vegas Chapter ("AGC") which designates AGC as Concrete's exclusive bargaining representative and authorizes AGC to negotiate, administer and make Concrete signatory to the Master Labor Agreement ("MLA") with the Laborers International Union of North America Local No. 782.

Under the MLA, Concrete was required to contribute to the Plaintiffs ("Trust Funds") and to abide by all terms and conditions of the agreements establishing the Trust Funds as well as any rules and regulations adopted by the Trustees of the Trust Funds. The MLA states that all Trust Fund contributions are due on the 10th day of the month following the month of work, and are delinquent if not received by the 20th day. Under the Trust Agreements, any delinquent contributions incur fourteen percent (14% ) interest and a twenty percent (20%) liquidated damages charge. The Trust Funds' Collection Policy also states that delinquent contributions accrue 14% interest and a 20% penalty. The Policy also requires delinquent employers to pay all attorney's fees and costs associated with collecting delinquent contributions.

An independent Contract Compliance Review ("Audit") of Concrete's contributions was conducted for the period June 1, 2007 through June 30, 2010. The Audit revealed that the Trust Funds were due $18,289.00 in delinquent contributions, along with $3,647.00 in liquidated damages and $1,552.00 in interest calculated through August 31, 2010. Therefore, after applying payments received, Concrete owes the Trust Funds $21,881.00. Concrete owes an additional $1,824.00 for interest thru May 18, 2011. Furthermore, the Trust Funds have incurred $13,458.00 in attorney fees and costs. Therefore, Plaintiffs seek a final judgment of $37,163.00.

II. Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

In opposing Plaintiffs' motion for summary judgment, Defendant Concrete asserts the following issues of fact: (1) the correct percentage utilized to calculate liquidated damages; (2) amount of unpaid contributions; and (3) amounts paid, but unaccounted for. However, none of these issues raise genuine issues of fact that must be determined by a finder of fact. Accordingly, the Court grants the motion for summary judgment.

First, in order to assert that Plaintiff is using the wrong percentage to calculate liquidated damages, Defendant cites the unamended text of the Trust Agreement. When referred to

Amendment No. 2 to the Trust Agreement, enacted on February 17, 1999, the amendment clearly increases the rate for liquidated damages from ten percent (10%) to twenty percent (20%).[1]  Second, the amount of unpaid contributions is not disputed by Concrete with any specific evidence as required by Rule 56.  Concrete cites a demand letter sent by Plaintiffs on June 2, 2010, three months before the litigation began and before the Audit had been conducted.  That demand asserted that for the period between February 2010 and April 2010, Concrete owed $13,081.46 in unpaid contributions.  Concrete has cited no evidence that disputes the Audit's conclusion that Concrete owes $18, 288.62 in unpaid contributions.

Finally, Concrete asserts that it paid $20,000.00 after Plaintiffs filed their motion for summary judgment that is not reflected in the final figures.  Plaintiff does not dispute that it received the check for $20,000.00.  Plaintiff asserts that it will credit the amount received toward any judgment awarded by the Court.  However, since Plaintiff does not dispute that it has been paid an additional $20,000.00, the Court will reduce the award by $20,000.00.  The attorney's fees sought by Plaintiffs are based on reasonable billing rates for attorneys performing similar work in the Las Vegas area.  The rates and the amount of work performed is reasonable as required by 29 U.S.C. § 1132(g).  Accordingly, the Court awards Plaintiffs their attorney's fees and costs.

No question of material fact prevents the Court from awarding summary judgment.  Accordingly, Plaintiff is awarded $21,881.00.  Additionally, Concrete owes an additional $1,824.00 for interest thru May 18, 2011.  Furthermore, the Trust Funds have incurred $13,458.00 in attorney fees and costs.  Therefore, Plaintiffs seek a final judgment of $37,163.00.  The Court reduces that amount by the $20,000.00 payment Plaintiffs acknowledge they received after filing the motion for summary judgment.  Therefore, the Plaintiffs are awarded a final judgment of $17,163.00.

---

[1]To the extent that Concrete argues that summary judgment may not be granted, because an award of liquidated damages is discretionary, it is incorrect.  While it is true that the Trust agreement allows the Trustees to waive liquidated damages, that waiver is only at the election of the Trustees.  The Court cannot mandate that the Trustees waive the damages.  It is undisputed that the Trustees in this action have chosen not to waive the liquidated damages.

4

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (#13) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** in the amount of $17,163.00 for Plaintiffs and against Defendant Concrete Coring of Nevada, Inc.

DATED this 8th day of March 2012.

_____
Kent J. Dawson
United States District Judge